#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN GROSS, | : | |
|     *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 20-5970 |
| | : | |
| BRISTOL BOROUGH d/b/a BRISTOL | : | |
| BOROUGH POLICE DEPARTMENT, | : | |
|     *Defendant*. | : | |

#### MEMORANDUM

**JONES, II   J.**                                                                                                          **March 11, 2021**

**I.     INTRODUCTION**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true [and construed in the light most favorable to the plaintiff,] to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, construing the complaint in the light most favorable to the Plaintiff, the pertinent facts can be summarized as follows: Officer Justin Gross ("Plaintiff") was involved in an on-the-job car chase; resultingly, he sustained several injuries and continues to suffer from many disabilities.  After taking time to recover, Plaintiff returned to his job at the Bristol Borough Police Department ("Defendant") but was greeted with harassment relating to his disabilities.  Exacerbated by the ongoing harassment, Plaintiff was rendered unable to return to work.  After leaving his position, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").  Despite the EEOC notifying Plaintiff's counsel that they would send a Notice of Rights letter (also called a right-to-sue letter), likely due to mail delays from the COVID-19 pandemic, neither Plaintiff nor his counsel received this letter.  While a party typically has ninety (90) days to file suit in the federal district court from the date he receives the right-to-sue letter, Plaintiff did not meet this

deadline. In fact, Plaintiff states he only filed suit out of an abundance of caution and in order to preserve his rights.

Defendant brings the present Motion to Dismiss alleging Plaintiff's claims are time-barred because, with the three (3) day presumption rule, Plaintiff filed his Complaint four (4) days past the statute of limitations. Plaintiff responds that Defendant has failed to meet its burden in establishing a statute of limitations defense because, at best, Defendant has shown there is a dispute as to when (if ever) Plaintiff or his counsel received the right-to-sue letter. Alternatively, Plaintiff submits that even if this Court should find it appropriate to apply a three (3) day presumption, equitable tolling should denote Plaintiff's suit as timely.

Having reviewed all of the pleadings, this Court finds insufficient factual details to conclude that Plaintiff or his counsel ever received a right-to-sue letter from the EEOC. Assuming arguendo that the Court should apply the three (3) day presumption, equitable tolling renders the Complaint timely. However, should discovery demonstrate when Plaintiff or his counsel actually received the right-to-sue letter, Defendant maintains the right to raise such argument at a later date. Accordingly, Defendant's Motion to Dismiss is denied without prejudice.

## II.  STATEMENT OF FACTS

### A. Plaintiff's Disability in the Workplace

Plaintiff is a former Bristol Borough Police Officer. Compl. ¶ 17. On or about March 8, 2014, he was involved in a car chase in pursuit of a perpetrator. Compl. ¶ 18. The perpetrator repeatedly rammed her car into Plaintiff's vehicle, and Plaintiff was severely injured from the accident. Compl. ¶¶ 18-19. Since the accident, Plaintiff continues to suffer from disabilities, including: a brain injury, major depression, post-traumatic stress disorder, anxiety, cervical disc

herniation, a high groin sprain, injury to his right meniscus, and lumbar disc protrusion at L4-5 with radiculopathy.  Compl. ¶ 20.

After taking time to recover, Plaintiff returned to work on or about October of 2017 where he was stationed to do desk work in Defendant's squad room.  Compl. ¶ 21.  The tasks assigned to Plaintiff by his supervisor, Chief Henry, were tedious and often exacerbated his disabilities.  Compl. ¶ 22.  For example, Plaintiff was provided a computer in poor condition that caused him to suffer from headaches; similarly, Plaintiff was forced to sit in a chair, the back of which would "give out" all day.  Compl. ¶ 24.  Despite Plaintiff raising the concern of his chair to Chief Henry, he was not initially provided a new one.  Compl. ¶ 25.

In addition to the physical pain, Plaintiff continued to suffer from panic attacks and anxiety, so he was prescribed a service dog.  *Id*.  In Plaintiff's presence, Chief Henry made derogatory comments about service dogs, calling them "annoying" and "ridiculous" and that he disliked any service dog "nonsense."  Compl. ¶ 29.  Another employee went on to degrade service dog owners in front of Plaintiff.  Compl. ¶ 30.  Upset and intimidated by these comments, Plaintiff did not bring his service dog to work, despite his need for the dog's assistance.  Compl. ¶ 32.

In or about November, 2017, as the result of a doctor's ergonomic evaluation, Plaintiff was prescribed and provided ergonomic equipment to assist him.  Compl. ¶ 34. This equipment included a one hundred (100) pound chair, which Plaintiff was forced to assemble by himself.  Compl. ¶ 35.  However, when two non-injured staff members were approved for identical chairs, Chief Henry had Bristol Borough Public Works come in and assemble them.  Compl. ¶ 36.  Plaintiff was also forced to crawl under his desk approximately four (4) times to hook up his computer, despite Defendant's awareness of his physical limitations.  Compl. ¶ 37.

During his employment, Plaintiff claims he was constantly intimidated, humiliated, and harassed by his supervisors due to his disabilities. Compl. ¶ 38. Plaintiff reported this harassment to Chief Henry on or about January 9, 2019, but Chief Henry allegedly cut Plaintiff off and compared him to a "fucking sixth grader." Compl. ¶ 43. Due to this harassment, Plaintiff's post-traumatic stress disorder and depression worsened, and on January 15, 2019, Plaintiff was rendered unable to work. Compl. ¶ 44.

### B. Plaintiff Files an EEOC Charge

On or about August 21, 2019, Plaintiff filed an EEOC charged based on the harassment relating to his disability. Compl. ¶ 46. On May 28, 2020, Plaintiff's counsel[1] received an email from a Federal EEOC Investigator who indicated that the EEOC, "will issue you a Dismissal and Notice of Rights at a later date due to COVID-19, which will enable you to file suit in [a] U.S. District Court within 90 days[.]" *See* Email from EEOC to Plaintiff's Counsel, Attached to Response in Opposition as Exhibit B [hereinafter Ex. B].[2] On August 21, 2020, the EEOC issued

---

[1] Plaintiff's counsel at the time of filing the EEOC charge was Mr. Robert P. Maziel. His name appears on both the email from the EEOC and the right-to-sue letter. At some point between filing the charge with the EEOC and bringing the present suit, Plaintiff appears to have acquired different counsel, Mr. Marc A. Weiberg.

[2] To meet its burden of establishing the statute of limitations bar, Defendant has submitted a copy of the right-to-sue letter sent to Plaintiff's counsel. *See* Right-to-Sue Letter, Attached to Motion to Dismiss as Exhibit A [hereinafter Ex. A]. Plaintiff's response also attempts to rebut receipt of the letter by attaching an email correspondence received from the EEOC. *See* Ex. B. Preliminarily, the Court must decide whether it can consider these for purposes of a Motion to Dismiss. While a court may not consider matters extraneous to the pleadings, the Court may consider documents integral to the complaint without converting the motion to dismiss into a motion for summary judgment. *Formato v. Mount Airy #1, LLC*, No. 19-cv-2237, 2020 U.S. Dist. LEXIS 134195, at *7 (M.D. Pa. July 29, 2020). Both the right-to-sue letter and email received by the EEOC affect the case's statute of limitations, and neither party disputes their consideration. Accordingly, the Court finds it may properly consider both of these documents.

a dismissal and right-to-sue letter. *See* Ex. A. Likely due to the COVID-19 pandemic, neither Plaintiff nor his counsel received this letter, but they claim they brought the present suit just to be cautious on November 27, 2020. Response in Opposition, ECF No. 7, 6.

### III. PROCEDURAL HISTORY

On November 27, 2020, Plaintiff filed suit alleging violations of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") and retaliation allegedly based upon his disabilities. *See* Compl., ECF No. 1. On December 23, 2020, Defendant filed the present Motion to Dismiss [hereinafter Motion] arguing that Plaintiff's claims are time-barred because he failed to file the action within ninety (90) days of receiving the EEOC right-to-sue letter. ECF Nos. 5-6. On January 6, 2021, Plaintiff submitted a response in opposition disputing Defendant's accusation that he or his counsel actually received the right-to-sue letter and alternatively requesting the Court to apply equitable tolling to negate any untimeliness. ECF No. 7. Defendant's Motion is thus ripe for this Court's review.

### IV. STANDARD OF REVIEW

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true [and construed in the light most favorable to the plaintiff,] to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678. To survive the plausibility standard, Plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Whether Plaintiff has met this standard requires the court to make a fact-specific determination that relies on "judicial experience and common sense." *Id*. at 679.

In making this determination, the Court follows three steps. "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC*, 578 F.3d 203, 210 (3d Cir. 2009). The "District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S., at 679). Finally, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S., at 679.

V.  DISCUSSION

    **A. Statute of Limitations for Plaintiff's Complaint**

Defendant seeks dismissal of Plaintiff's Complaint, suggesting it is time-barred because Plaintiff did not bring the present action within ninety (90) days of receiving the EEOC right-to-sue letter. Plaintiff disputes this point and states that neither he nor his counsel received the letter. Considering the facts present here, this Court declines to label the Complaint as time-barred.

As a prerequisite to filing suit under the ADA, Plaintiff must first file a charge of discrimination with the EEOC and receive a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). Once Plaintiff or Plaintiff's counsel receives this letter, he has ninety (90) days to file a civil action in federal court. *Id*. This ninety (90) day period is considered a statute of limitations. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470-471 (3d Cir. 2001). "The statute of limitations is an affirmative defense, and the burden of establishing its applicability to a particular claim rests with the defendant." *Van Buskirk v. Carey Canadian Mines, LTD*, 760 F.2d 481, 487 (3d Cir. 1988). "Third Circuit guidance provides that a statute of limitations defense may be raised in a 12(b)(6) motion, 'but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Formato*, 2020 U.S. Dist. LEXIS

134195, at *7 (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quotations omitted)).

The Third Circuit has, "strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Burgh*, 251 F.3d at 470.  However, this statute of limitations does not begin to run unless there is a "'final agency action,' such as the issuance of a right-to-sue letter." *Id*. at 471 (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)).  If it is unknown when Plaintiff or his counsel received the right-to-sue letter, "courts will presume that a plaintiff received [the] right-to-sue letter three days after the EEOC mailed it." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) (citing Fed. R. Civ. P. 6(d)).

Here, considering the EEOC sent Plaintiff's counsel the right-to-sue letter on August 21, 2020, under the presumption that he received the letter three (3) days after mailing, Plaintiff needed to file suit by November 23, 2020.[3]  Because Plaintiff filed the present action four (4) days after this date, Defendant submits that his claims are time-barred.  Mot. 5-6.  Plaintiff responds that neither he nor his counsel actually received the right-to-sue letter, and Plaintiff only filed suit out of an abundance of caution for the statute of limitations.  Response in Opposition 8-9.  In fact, Plaintiff states he only became aware of the right-to-sue letter upon reviewing Defendant's present Motion.  *Id*.

At best, Defendant has established that it is unknown when or if Plaintiff's counsel received the right-to-sue letter.  *Formato*, 2020 U.S. Dist. LEXIS 134195, at *12.  This uncertainty is heightened due to extreme mail delays from the COVID-19 pandemic and Plaintiff changing

---

[3] Defendant states because the letter would have been presumed received on Sunday, August 24, 2020, the appropriate date for the Court to consider is Monday, August 25, 2020.  Mot. 6 n.3.  Ninety (90) days from this date was Monday, November 23, 2020, but Plaintiff did not file the present suit until Friday, November 27, 2020.

counsel between filing the EEOC charge and the instant Complaint. In these unprecedented times, the Court cannot in good conscience apply the three (3) day presumption and dismiss the Complaint at this early pleadings' stage. However, should discovery demonstrate when Plaintiff or his counsel actually received the right-to-sue letter, Defendant maintains the right to raise such argument at a later date. Accordingly, Defendant's Motion is denied without prejudice.

### B. Equitable Tolling

Even if the Court were to apply Defendant's requested three (3) day presumption at the present stage, Defendant's Motion would still be dismissed in light of equitable tolling of the statute of limitations. While it is well-established that federal courts should invoke the equitable tolling doctrine "'only sparingly,'" extreme mail delays from the COVID-19 global pandemic surely warrant such an appropriate circumstance. *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1999) (quoting *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990)).

Equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Midgley*, 142 F.3d at 179 (quoting *Kocian v. Getty Refining & Mktg. Co.*, 707 F.2d 748, 753 (3d Cir. 1983)). In the Third Circuit, equitable tolling may be appropriate when the claimant received inadequate notice of his right to file suit. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). Precedent is clear in this circumstance that, "'equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair.'" *Id*. (quoting *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (quotation omitted)).

In this case, Plaintiff submits that his counsel only received notice that the EEOC would be issuing a Notice of Rights and Dismissal <u>in the future</u>. *See* Ex. B. Neither Plaintiff nor his counsel actually received the EEOC's right-to-sue letter or any notification that a notice had been

issued. Response in Opposition 9-10. As stated above, Plaintiff only learned the right-to-sue letter had been issued by Defendant's filing of the present Motion, and he only filed suit in this Court in order to protect his legal rights. *Id*. at 10.

The Court agrees with Plaintiff that any delays in his or his counsel's receipt of the right-to-sue letter (if such letter was received at all) were undoubtedly due to the marked delay in mail receipt in light of the COVID-19 pandemic. Surely, "principles of equity would make the rigid application of a limitation period unfair" in light of the present circumstances beyond Plaintiff's control. *Jones*, 195 F.3d at 159 (quotation omitted). Assuming arguendo that Plaintiff's Complaint should have been filed by November 23, 2020 in light of the three (3) day presumption, equitable tolling would still render the suit timely.

## VI. CONCLUSION

For the reasons outlined above, Defendant's Motion to Dismiss is denied without prejudice. An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II     J.